UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE ACCOUNTING DEPARTMENT,
a Michigan corporation,

    Plaintiff,                                       Case No. 08-14184
                                              HONORABLE SEAN F. COX

v.

LIFE HOME HEALTH CARE, INC.,
an Illinois corporation,

    Defendant.
_____/

OPINION & ORDER

Plaintiff The Accounting Department ("TAD") filed this diversity action on September 29, 2008, alleging causes of action under breach of contact, account stated, and unjust enrichment theories. The matter is before the Court on Defendant Life Home Health Care, Inc.'s ("LHH") "Motion to Dismiss for Lack of Personal Jurisdiction" [Doc. No. 8]. The parties have fully briefed the issues, and a hearing was held on April 9, 2009. Because TAD has failed to meet its burden in establishing this Court's personal jurisdiction over LHH, the Court **GRANTS** LHH's motion[Doc. No. 8], and **DISMISSES** this case.

BACKGROUND

TAD is a Michigan corporation that provides accounting services to home health care agencies, including the preparation of financial statements, income tax returns, Medicare audit representation, accounts payable/receivable, payroll, cash management, and other similar services.

LHH is an Illinois corporation whose sole place of business is in Illinois. LHH is

1

licensed to provide home health care services to home-bound patients in the greater Chicago area, but does not engage in such business outside the state of Illinois.

In the beginning of 2002, officers of TAD went to Illinois to solicit LHH's business for TAD's accounting services. At that time, TAD already had other clients in the Chicago area. The parties signed a contract on January 4, 2002, for TAD to perform the above-described accounting services for LHH. The initial contract's duration was only for one year, but the parties renewed the contract multiple times, leading to a business relationship spanning six years.

The relationship between TAD and LHH continued from January 4, 2002, the date the original contract was signed, until December of 2007. At that time, TAD claims LHH breached their contract by failing to pay TAD for services rendered. TAD claims an outstanding amount of $180,240.79 is currently owed by LHH for these services.

TAD filed this lawsuit on September 29, 2008, alleging three causes of action: 1) breach of contract; 2) account stated; and 3) unjust enrichment. [Doc. No. 1].

On November 26, 2008, LHH filed their "Motion to Dismiss for Lack of Personal Jurisdiction" [Doc. No. 8] ("Motion"). In their Motion, LHH argues it is not subject to personal jurisdiction within the state of Michigan, and that this suit should therefore be dismissed. [Doc. No. 8, p.3, ¶¶9-11]. TAD argues that LHH's conduct establishes limited personal jurisdiction over LHH under Michigan's long-arm jurisdictional statute. [Doc. No. 9, p.9].

STANDARD OF REVIEW

"The procedural scheme which guides the district court in disposing of Rule 12(b)(2) motions is well-settled." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)(internal citations omitted). The plaintiff bears the burden of establishing that jurisdiction exists. *McNutt*

2

*v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).  In the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction.  *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929 (6th Cir. 1974).  "The court's treatment of a motion under Rule 12(b)(2) mirrors in some respects the procedural treatment given to a motion for summary judgment under Rule 56," *Theunissen* at 1459, including the requirement that the pleadings and affidavits submitted on a 12(b)(2) motion be viewed in the light most favorable to the plaintiff.  *Serras v. First Tennessee Bank National Association*, 875 F.2d 1212, 1214 (6th Cir. 1989).

## ANALYSIS

In diversity actions, "federal courts must look to the law of the forum state to determine the district court's in personam jurisdictional reach."  *LAK, Inc. v. Deer Creek Enterprises*, 885 F.2d 1293, 1298 (6th Cir. 1989)(internal citation omitted).  Thus, this Court must first look to the state of Michigan's long-arm statute to determine the existence of personal jurisdiction over Defendant LHH.  Once personal jurisdiction under Michigan's long-arm statute is satisfied, however, the Court must still evaluate whether the exercise of such jurisdiction would run afoul of the Due Process Clause of the Fourteenth Amendment.  *Id.*

Michigan's long-arm statute authorizes two types of personal jurisdiction over a corporation: 1) "general" jurisdiction as defined by M.C.L. § 600.711; and 2) "specific," or "limited" jurisdiction as defined by M.C.L. § 600.715.  In their response brief [Doc. No. 9], TAD does not contest LHH's argument that this Court lacks "general" jurisdiction over LHH under M.C.L. § 600.711.

M.C.L. § 600.715 provides that Michigan courts may exercise "limited" personal

3

jurisdictions over foreign corporations "to render personal judgments against such corporation[s] arising out of the act or acts" which create any of the following relationships:

> (1) The transaction of any business within the state.
> (2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.
> (3) The ownership, use or possession of any real or tangible personal property situated within the state.
> (4) Contracting to insure any person, property or risk located within this state at the time of contracting.
> (5) Entering into a contact for services to be performed or for materials to be furnished in the state by the defendant.

M.C.L. §§ 600.715 (1)-(5). TAD argues that limited personal jurisdiction over LHH is satisfied under the "any business" test in M.C.L. § 600.715(1). [Pl.'s Br., Doc. No. 9, p.10].

At the outset, the Court notes that TAD has not come forward with facts "by affidavit or otherwise," *Weller*, 504 F.2d at 929, but instead has only proffered conclusory statements within its response brief in opposition to LHH's Motion. The absence of such facts in and of themselves warrants dismissal of this action under FED. R. CIV. P. 12(b)(2). *Id.*, *see also Theunissen*, 935 F.2d at 1458. Even if the Court were to assume all facts alleged by TAD within their brief as true, however, TAD still cannot show LHH transacted "any business" in Michigan within the meaning of M.C.L. § 600.715(1).

In *Sifers v. Horen*, 385 Mich. 195 (1971), the Michigan Supreme Court, in construing § 600.715(1), stated that "the word 'any' means just what it says. It includes 'each' and 'every'. . . It comprehends the 'slightest'." *Id.* at 199, n.2. Thus, "if [the defendant] conducted even the slightest act of business in Michigan, . . .section 600.715(1) is satisfied." *Lanier v. The American Bd. of Endontics*, 843 F.2d 901, 906 (6th Cir. 1988). Despite this permissive standard, however, TAD is still required to allege some act, albeit in even "the slightest" fashion, that

4

LHH committed within the territorial boundaries of the state of Michigan. TAD has failed to bring forth such evidence.

LHH is an Illinois corporation, whose business is conducted solely within the borders of the state of Illinois. TAD approached LHH about entering into the business relationship, and TAD traveled out of Michigan to Illinois to negotiate the contract between the parties. The contract between TAD and LHH, which was drafted by TAD, does not contain a forum selection clause stating that disputes between the parties would be resolved in Michigan courts. Further, none of LHH's officers or employees ever visited TAD's facilities in Michigan, nor have any of them even been alleged to have set foot within the state of Michigan.

TAD argues that the repeated mailings, telephone calls, and faxes sent by LHH from Illinois to TAD's offices in Michigan are evidence of "any business" being done within Michigan. [Pl.'s Br., p.8]. As Judge Steeh noted in *I.P. Enterprises Pension Fund v. Hatfield*, 2006 WL 2367357, *6 (E.D. Mich. Aug. 14, 2006), however, "[l]etters and phone calls [alone] to the forum state have received continuous skepticism from courts in this Circuit." The Sixth Circuit has consistently held that phone calls and mailings into the jurisdiction, alone, do not meet the "any business" requirement of M.C.L. § 600.715(1). *See LAK, Inc. v. Deer Creek Enterprises*, 885 F.2d 1293, 1300 (6th Cir. 1989) (describing the phone calls and letters involved as "random" and "fortuitous"); *Kerry Steel, Inc. v. Paragon Industries, Inc.*, 106 F.3d 147, 151 (6th Cir. 1997) (finding it immaterial that the defendant placed telephone calls and sent faxes to the plaintiff in Michigan).

Plaintiff TAD has not shown "any business" conducted by LHH within the state of Michigan sufficient to satisfy the Michigan long-arm statute, M.C.L. § 600.715(1). Accordingly,

TAD has failed to meet its burden of proof in establishing this Court's personal jurisdiction over LHH. Because the Court finds TAD has not met its burden under M.C.L. § 600.715(1), the Court need not address the secondary issue of Due Process concerns under the Fourteenth Amendment.

## CONCLUSION

For the reasons above, the Court **GRANTS** Defendant Life Home Health's Motion to Dismiss [Doc. No. 8], and **DISMISSES** this case.

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: April 15, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 15, 2009, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager